**Abatement Order filed December 13, 2012**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-12-00675-CV

_____

### IN THE MATTER OF J.W., a Juvenile

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-01177J**

## ABATEMENT ORDER

The reporter's record in this case was due July 23, 2012. *See* Tex. R. App. P. 35.1. On August 6, 2012, this court ordered the court reporter to file the record within 30 days. On September 14, 2012, **Jill Bartek** filed a motion for extension of time to file the record until October 15, 2012. The motion was granted and **Jill Bartek** was ordered to file the record within 30 days, and instructed that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. As of this date, the record has not been filed with the court. The court is aware the extension requested in September was due to a medical emergency but no further request for an extension has been filed since the record was due October 15, 2012.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). It is the duty of the trial court to ensure that its reporter's work is timely accomplished by setting work priorities. Tex. R. App. P. 13.3. Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the 313th District Court to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate to (a) determine the reason for failure to file the record; (b) establish a date certain when the reporter's record will be filed, and (c) make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.